SHORTESS, Judge,
concurring.
I agree with the majority and additionally note Officer Pellitteri was not discharged for cause.
The drug policy signed by Pellitteri states only that drug tests may be ordered “if deemed necessary to complete the investigation.” No evidence whatsoever indicated a drug test was necessary, nor was any order ever issued deeming a drug test necessary to complete an investigation of the incident. The directive to supervisors concerning actions following accidents involving Orleans Levee District personnel only says drug or alcohol tests may be ordered after vehicular accidents. Pellitteri was not involved in a vehicular accident, therefore this directive did not apply. Also, the Board did not dispute another officer discharged a weapon in 1989 and was not asked to take a blood test.
Lt. Booth, Sgt. Barton, and Maj. Perrot, who were in the emergency room with Pellit-teri, all confirmed Pellitteri actually agreed to take the blood test if he was shown the policy in writing. None of the' officers testified they suspected Pellitteri was under the influence of drugs or alcohol.
The blood test was ordered without reasonable suspicion and was not issued pursuant to any valid Board policy, which violates a government employees constitutional rights under the Louisiana and federal constitutions. Banks v. Department of Public Safety and Corrections, 598 So.2d 515 (La.App. 1st Cir.1992). He should not have been discharged for refusing to follow an order which violated his constitutional rights.
Furthermore, Pellitteri was never directly charged with violating the drug policy and disciplined pursuant thereto. Rather, he was charged with insubordination for refusing to follow an order to submit to a blood test, which “is a direct violation” of the drug policy. If he allegedly violated the drug policy, he should have been charged accordingly.
I respectfully concur.